**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GAVIN O'NEILL, | Case No. 1:23-cv-5611 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | DEMAND FOR JURY TRIAL |
| FLAWLESS KITTY LLC and DOES 1 through 10 inclusive, | |
| Defendant(s). | |

Plaintiff, Gavin O'Neill alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

2. This court has personal jurisdiction over Defendant because Defendant's actions alleged herein occurred in the state of New York, were directed towards a resident of the state of New York, Defendant caused injury to Plaintiff within the state of New York, and Defendant has a physical presence in the state of New York.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or 28 U.S.C. § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or

can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

4.  Plaintiff Gavin O'Neill ("O'Neill" or "Defendant") is an individual and professional photographer.  Defendant Flawless Kitty LLC ("FK" or "Defendant") is a New York Limited Liability Company whose principal place of business is in New York at 975 E 233rd St. Bronx, NY 10466.  FK has one or more offices and employees in New York, has conducted regular and substantial business throughout New York including this judicial district, and has transacted business with many individuals or businesses residing throughout New York including this judicial district.

5.  The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are

2
**COMPLAINT**

ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously-named Defendants.

## FACTUAL ALLEGATIONS

6. Plaintiff O'Neill is a highly successful freelance photographer specializing in hair and beauty photography. He often travels across the globe for his clients as well as personal projects that he funds to build his portfolio. O'Neill's social media following is substantial with over 142,000 followers on his Instagram account, @gavinoneillphoto.

7. O'Neill creates and licenses his work for a fee. His work has been featured in top publications such as *Vogue, Marie Claire, Glamour, Cosmopolitan,* and *GQ.* Additionally, O'Neill's work has been used commercially by brands such as *Gillette, Olay, Garnier, KKW Beauty, L'Oreal, LUX, Rolls Royce*, and many more.

8. O'Neill's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to O'Neill's work deters would-be infringers from copying and profiting from his work without permission.

9. O'Neill is the sole creator and exclusive rights holder to an original Photograph of a flower in the hands of a naked woman (the "Flower Photograph").

10. Attached as Exhibit A is a true and correct copy of the Flower Photograph.

11. O'Neill has registered the Flower Photograph with the United States Copyright Office under registration number VA 2-066-264 with an effective

registration date of August 31, 2017.

12. According to Defendant FK's website, Defendant FK is a beauty spa specializing in hard waxing and vajacials. *See* https://www.flawlesskitty.com/.

13. Upon information and belief, Defendant FK is and was at all relevant times the manager, operator, and owner of the @myflawlesskitty Instagram page ("Defendant's Instagram").

14. On information and belief, Defendant's Instagram generates content that promotes its products, services, and to attract user traffic to Defendant's business page and generate business for the company.

15. At all relevant times, the Defendant's Instagram were readily accessible to the general public throughout New York, the United States, and the world.

16. On or about January 12, 2023, O'Neill discovered that FK had used the Flower Photograph in a post on Defendant's Instagram with the caption "Book your appointment now so you can achieve these results" as well as text over the Flower Photograph itself saying "There's A Brazillian Reasons to Get Waxed". ("Infringing Post").

17. A true and correct copy of the Infringing Post featuring O'Neill's Flower Photograph on Defendant's Instagram are attached as Exhibit B.

18. O'Neill, through counsel, reached out to FK in an attempt to resolve this matter without court intervention, but the parties were unable to come to an

agreement.

19. O'Neill has never at any point given FK a license or other permission to display, distribute or otherwise use the Flower Photograph in the Infringing Post on Defendant's Instagram or on any other website or platform.

20. FK (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Flower Photograph to Defendant's Instagram without O'Neill's consent.

21. On information and belief, Defendant's use of the Flower Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Flower Photograph.

<u>**CAUSE OF ACTION**</u>
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of the unique and original Flower Photograph.

24. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon the copyrighted Flower Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique

Flower Photograph without Plaintiff's consent or authority, by using it in the Infringing Post on Defendant's Instagram.

25. As a result of Defendant(s)' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

26. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

27. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a) For a finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying it for commercial purposes without a license or consent;

b) For an award of actual damages and disgorgement of all of Defendant(s)' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant(s) in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c) For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's copyrighted works;

d) For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e) For pre- and post-judgment interests as permitted by law; and

f) For any other relief the Court deems just and proper.


DATED: June 29, 2023  Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff Gavin O'Neill, hereby demands a trial by jury in the above matter.


DATED: June 29, 2023                    Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

**COMPLAINT**