USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/10/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GAVIN O'NEILL,                                          :
                                                       :
                              Plaintiff,               :
                                                       :
      -v.-                                              :
                                                       :
FLAWLESS KITTY LLC and DOES 1                           :
Through 10 Inclusive,                                   :
                                                       :
                              Defendants.              :
-----------------------------------------------------------------X

**REPORT &
RECOMMENDATION**

23-CV-5611 (LAK) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Lewis A. Kaplan, United States District Judge:**

Plaintiff Gavin O'Neill brought this action alleging that defendant Flawless

Kitty LLC ("Flawless Kitty") and Does 1 through 10 infringed his copyright by

reproducing and publicly displaying one of his photographs on Flawless Kitty's

Instagram account over the course of four years without a license or his

authorization.[1]  Flawless Kitty has failed to answer the complaint or otherwise

appear in this action, and an entry of default followed.  O'Neill has now moved for a

default judgment, and seeks statutory damages, attorney's fees, and a permanent

injunction.  For the reasons set forth below, I recommend that the motion be

granted, O'Neill be awarded statutory damages in the amount of $10,000 for

---

[1] O'Neill named Does 1 through 10 as defendants in his complaint and expressed an intent to amend the complaint once they were identified.  Complaint ("Compl.") ¶ 5, Dkt. No. 1.  As O'Neill does not further discuss Does 1 through 10 in his motion papers or otherwise pursue damages against them, the claims against Does 1 through 10 have been abandoned and should be dismissed.

copyright infringement and attorney's fees and costs in the amount of $2,024.50, and Flawless Kitty be enjoined from further use of O'Neill's photograph.

## I. BACKGROUND

In light of Flawless Kitty's default, the Court accepts as true all well-pleaded factual allegations included in O'Neill's complaint. *See, e.g., City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint." (quoting *Vt. Teddy Bear Co., Inc. v. 1–800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004))).

O'Neill is a professional freelance photographer specializing in hair and beauty photography. Complaint ("Compl.") ¶ 6, Dkt. No. 1. Flawless Kitty is a company organized under the laws of the state of New York with its place of business in the Bronx. *Id.* ¶ 4. O'Neill is the creator and rights holder of a photograph depicting a naked woman holding a flower in her hands (the "Flower Photograph"). *Id.* ¶ 9. O'Neill registered the Flower Photograph with the United States Copyright Office and it was assigned copyright number VA 2-066-264. *Id.* ¶ 11. He has ascertained that Flawless Kitty displayed the Flower Photograph on its Instagram account from February 2019 to January 2023. Declaration of Taryn R. Murray dated October 25, 2023 ("Murray Decl.") ¶ 6, Dkt. No. 18. Without O'Neill's permission, Flawless Kitty posted the Flower Photograph on Instagram to promote its "beauty spa specializing in hard waxing and vajacials" between

February 2019 and January 2023.  Compl. ¶¶ 12–13, 16; Compl. Exs. A–B; Murray Decl. ¶ 6.[2]

O'Neill filed this copyright infringement action on June 30, 2023.  Compl. ¶ 1. It was referred to me on July 5 for general pretrial supervision and any dispositive motions.  Dkt. No. 8.  On or about July 24, the summons and complaint were served on Flawless Kitty.  Dkt. No. 9.  On August 29, the Court directed O'Neill to move for default judgment and serve a copy of the order on Flawless Kitty.  Dkt. No. 10. O'Neill filed proof of service of the August 29 order on August 30.  Dkt. No. 11.[3]  As Flawless Kitty did not answer or otherwise respond to the complaint, on September 5, O'Neill requested that the Clerk of Court enter a default against Flawless Kitty. Dkt. No. 12.  The Clerk entered a certificate of default against Flawless Kitty on September 6.  Dkt. No. 14.  The Court then directed O'Neill to submit a default judgment motion by October 18.  Dkt. No. 15.

On October 25, after an extension, O'Neill moved for default judgment and submitted his supporting papers: the Murray declaration and exhibits, Dkt. No. 18-2, a memorandum of law ("Pl. Mem."), Dkt. No. 18-3, and a statement of damages. Dkt. No. 18-4.  Flawless Kitty was served with O'Neill's motion on November 1.

---

[2] Exhibit A to the complaint includes the Flower Photograph.  Exhibit B to the complaint includes a screenshot of Flawless Kitty's Instagram account, dated February 16, 2019.  The screenshot shows, on the left-hand side, O'Neill's Flower Photograph, with "Flawlesskitty" printed in the upper-right corner with the text "There's a Brazillian Reasons to Get Waxed" superimposed on the image.  *Id.*

[3] The certificate of service states that the order was served on Flawless Kitty on August 28, 2023, the day before the order was entered.  Dkt. No. 11.  The Court assumes that this is a typographical error.

3

Dkt. No. 20. Flawless Kitty was ordered to respond to the motion by November 15, Dkt. No. 19, but no response was filed.

## II. DISCUSSION

### A. Legal Standards

#### 1. Default Judgment Generally

"A default judgment may be awarded in accordance with Rule 55 of the Federal Rules of Civil Procedure 'when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend' against an action." *Trs. of Sheet Metal Workers' Int'l Ass'n Local Union No. 28 Benefit Funds v. Maximum Metal Mfrs., Inc.*, No. 14-CV-2890 (JLC), 2015 WL 5771853, at *2 (S.D.N.Y. Oct. 2, 2015) (alteration omitted) (quoting Fed. R. Civ. P. 55(a)). "Rule 55 sets forth a two-step process for the entry of a default judgment." *Id.* (citing *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 541 (S.D.N.Y. 2015)). "First, the movant must file an affidavit demonstrating that the party against whom default judgment is sought has been properly served and has failed to defend, upon which the clerk of the court enters the party's default into the record." *Id.* (citing *Rovio Entm't, Ltd.*, 97 F. Supp. 3d at 541). "Second, after the clerk of the court enters default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter default judgment." *Id.*

#### 2. Liability and Damages Upon Default

"A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d

4

849, 854 (2d Cir. 1995) (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)).  "While a party's default is considered a concession of all well-pleaded allegations of liability, it is not considered an admission of damages."  *Rovio Entm't, Ltd.*, 97 F. Supp. 3d at 545 (citing *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)).  "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Am. Jewish Comm. v. Berman*, No. 15-CV-5983 (LAK) (JLC), 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016), *adopted by* 2016 WL 4532201 (Aug. 29, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A plaintiff "bears the burden of establishing [his] entitlement to recovery and thus must substantiate [his] claim with evidence to prove the extent of damages." *Dunn v. Advanced Credit Recovery Inc.*, No. 11-CV-4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012).  "To establish damages upon default, a plaintiff must demonstrate that the 'compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'"  *Am. Jewish Comm.*, 2016 WL 3365313, at *3 (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)).  "In determining damages not susceptible to simple mathematical calculation, Rule 55(b)(2) of the Federal Rules of Civil Procedure gives courts discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence."  *Id.* at 4 (internal

citation omitted).  An evidentiary hearing is not necessary when the documents submitted provide a "sufficient basis from which to evaluate the fairness of" the damages requested.  *Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

### 3. Copyright Damages

Under Section 504 of the Copyright Act, a copyright owner is entitled to actual damages caused by an infringement, in addition to any profits gained by an infringer, or statutory damages.  17 U.S.C. § 504(a).  A copyright owner may elect to recover an award for statutory damages instead of actual damages in the amount "of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  In cases of willful infringement, the court has the discretion to increase the award up to $150,000 per work.  17 U.S.C. § 504(c)(2).

"Statutory damages are 'available without proof of plaintiff's actual damages,' and are useful in cases 'where proof of actual damages or profits is insufficient.'" *EMI April Music Inc. v. 4MM Games, LLC*, No. 12-CV-2080 (DLC) (JLC), 2014 WL 325933, at *3 (S.D.N.Y. Jan. 13, 2014) (quoting *Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-CV-5456 (KMW) (AJP), 2013 WL 174226, at *2 (S.D.N.Y. Jan. 17, 2013) (internal citations omitted), *adopted by* 2013 WL 1234911 (Mar. 26, 2013)), *adopted by* 2014 WL 1383468 (Apr. 7, 2014).  "The Copyright Act affords the . . . court 'wide discretion' in setting the amount of statutory damages." *Myeress v. Elite Travel Group USA*, No. 18-CV-340 (AJN), 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) (quoting *Fitzgerald Publ'g. Co. v. Baylor Publ'g. Co., Inc.*, 807 F.2d 1110, 1116 (2d Cir. 1986)).  However, when a defendant has acted willfully, a court

should consider incorporating both a compensatory and punitive component to "discourage further wrongdoing by the defendant[s] and others." *CJ Prods. LLC v. Your Store Online LLC*, No. 11-CV-9513 (GBD) (AJP), 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012), *adopted by* 2012 WL 4714820 (Oct. 3, 2012). To determine the amount of statutory damages for copyright infringement, courts in this Circuit consider the following factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Myeress*, 2018 WL 5961424, at *3 (quoting *Bryant v. Media Right Prods.*, 603 F.3d 135, 144 (2d Cir. 2010) (citation omitted)).

### 4. Attorney's Fees

A court may award reasonable attorney's fees to a prevailing party in a copyright infringement action. 17 U.S.C. § 505. "The Supreme Court has made clear that attorneys' fees in copyright actions are not automatic to the prevailing party. . . '[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.'" *Lucerne Textiles, Inc.*, 2013 WL 174226, at *4 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). "When determining whether to award attorney['s] fees [under 17 U.S.C. § 505], district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant*, 603 F.3d at 144

(citations omitted). "The third factor—objective unreasonableness—should be given substantial weight." *Id.*

After determining whether an award of attorney's fees is appropriate, the next step is an inquiry into the reasonableness of attorney's fees, which centers on the lodestar, or "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (the lodestar creates a "presumptively reasonable fee") quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

To determine whether an hourly rate is reasonable, courts compare it to prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)); *see, e.g., Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). The court should consider the prevailing community's rates in the district in which it sits to determine the reasonableness of counsel's rates. *See Reiter*, 457 F.3d at 232. To evaluate whether the number of hours billed is reasonable, the court should consider if "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

Moreover, a court must "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Arbor*

*Hill*, 522 F.3d at 184. "The party seeking attorney's fees must submit records that enable the [c]ourt to determine whether the fee sought is reasonable." *Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 WL 4762980, at *6 (S.D.N.Y. Aug. 3, 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)), *adopted by* 2018 WL 4759768 (Oct. 1, 2018). The prevailing party should submit detailed "contemporaneous time records" documenting "the date, the hours expended, and the nature of the work done." *Euro Pac. Cap., Inc. v. Bohai Pharms. Grp., Inc.*, No. 15-CV-4410 (VM) (JLC), 2018 WL 1229842, at *10 (S.D.N.Y. Mar. 9, 2018), *adopted by* 2018 WL 1596192 (Mar. 28, 2018) (citation omitted). Courts have broad discretion in determining the award of fees. *Hensley*, 461 U.S. at 437.

### 5. Injunctive Relief

The Copyright Act provides for injunctive relief to protect a copyright. 17 U.S.C. § 502(a); *see, e.g.*, *McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 499 (S.D.N.Y. 2018) (in default, permanent injunctive relief was appropriate under the Copyright Act, "enjoining Defendants from infringing any copyrighted work . . . owned or controlled by Plaintiffs"). Courts may grant a permanent injunction when a plaintiff demonstrates that it has succeeded on the merits and: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**B. Analysis**

**1. O'Neill's Motion for Default Judgment Should Be Granted**

Prior to moving for default judgment, on September 5, 2023, O'Neill submitted a declaration attesting that Flawless Kitty had been properly served. Dkt. No. 13, ¶ 6. The following day, the Clerk of the Court entered a certificate of default as to Flawless Kitty. Dkt. No. 14. Flawless Kitty has failed to appear, even after O'Neill gave it notice of his motion for default judgment. Dkt. No. 20. Thus, and for the reasons further discussed below, as O'Neill has met the two-step requirement for obtaining a default judgment against a non-responsive defendant, his motion for default judgment should be granted.

**2. Flawless Kitty's Liability is Established**

By virtue of its default, Flawless Kitty has conceded liability as to the allegations set forth in the complaint, which adequately plead a valid cause of action of copyright infringement. *See, e.g., Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013) (defaulting defendant's liability depends on whether "allegations are sufficient to state a cause of action"). "To prevail on a claim of copyright infringement, a plaintiff must show both ownership of a valid copyright and copying" of a protected work without authorization. *Knickerbocker Toy Co., Inc. v. Azrak-Hamway Int'l., Inc.*, 668 F.2d 699, 702 (2d Cir. 1982) (citation omitted); *accord Davis v. Blige*, 505 F.3d 90, 98 (2d Cir. 2007) (citing 17 U.S.C. § 501(b)). Here, O'Neill proved ownership of a valid copyright by providing the copyright registration number for his Flower Photograph, and alleged facts that Flawless Kitty copied his Flower Photograph without licensing it or

10

obtaining his consent.  Compl. ¶¶ 10–13.[4]  Thus, O'Neill has established Flawless Kitty's liability as a matter of law.

The only remaining issue is whether O'Neill has provided sufficient evidence to support his request for damages.  On the record before the Court, O'Neill has met his burden, and a hearing is unnecessary because his submissions constitute a "sufficient basis from which to evaluate the fairness" of his request.  *Fustok*, 873 F.2d at 40.

### 3. O'Neill Should Be Awarded Statutory Damages

O'Neill seeks $10,000 in statutory damages under 17 U.S.C. § 504(c).  Pl. Mem. at 19.  Applying the six factors used to determine statutory damages, the Court concludes that such an amount is reasonable.  *Myeress*, 2018 WL 5961424, at *3.  Because Flawless Kitty has failed to appear and provide necessary records, it is impossible for the Court to ascertain the expenses saved by Flawless Kitty or the profits it reaped (factor two) and by extension, the revenues that O'Neill lost (factor three), or the value of the infringing material (factor five) as a result of Flawless Kitty's infringement.  However, the Court can evaluate factors such as Flawless Kitty's state of mind (factor one), the deterrent effect on Flawless Kitty and third parties (factor four), and Flawless Kitty's conduct (factor six).

---

[4] While a copyright certificate of registration of the Flower Photograph would have been preferable, the copyright registration number is sufficient because it corresponds with a relevant entry in the United States Copyright Office's Public Catalog.  Public Catalog Search, U.S. Copyright Office, https://perma.cc/W9QW-KVM2 (last visited Apr. 9, 2024).  *See, e.g., Whitehead v. Mix Unit, LLC*, No. 17-CV-9476 (VSB) (JLC), 2019 WL 384446, at *2 (S.D.N.Y. Jan. 31, 2019), *adopted by* 2019 WL 1746007 (Apr. 18, 2019).

O'Neill seeks enhanced damages based on the willfulness of Flawless Kitty's conduct, and the Court may find that its conduct was willful by virtue of its default and evaluate it in determining the amount of the award (factors one and six). *See, e.g.*, *Rovio Entm't*, 97 F. Supp. 3d at 546 ("[C]opyright infringement is deemed willful by virtue of a defendant's default" (citing *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 621–22 (S.D.N.Y. 2011))); *see also Tokar v. 8 Whispering Fields Assocs., Ltd.*, No. 08-CV-4573 (ADS) (ARL), 2011 WL 7445062, at *2 (E.D.N.Y. Dec. 13, 2011) ("[I]t is appropriate for the court to consider the inference of willfulness based on defendants' default in determining the amount of damages within the statutory award range."), *adopted by* 2012 WL 688468 (Mar. 2, 2012).

The deterrent effect (factor four) on Flawless Kitty and other potential infringing parties also warrants a significant award. *See, e.g.*, *CJ Prods. LLC*, 2012 WL 2856068, at *3 ("[T]he goal of deterring similar conduct by other enterprises requires a substantial award."); *Arista Records LLC v. Usenet.com, Inc.*, No. 07-CV-8822 (HB) (THK), 2010 WL 3629688, at *6 (S.D.N.Y. Feb. 2, 2010) ("[T]he Court must consider the deterrent effect on both other potential infringers as well [as] Defendants themselves."), *adopted by* 2010 WL 3629587 (Sept. 16, 2010). Flawless Kitty used an artist's work without permission for its own benefit, which is the exact conduct the Copyright Act is designed to prevent. Accordingly, the Court's evaluation of these factors strongly weighs in favor of awarding significant statutory damages to O'Neill.

12

Moreover, courts in this District have granted in full a plaintiff's request for statutory damages in similar copyright infringement cases where a defendant had defaulted, and such cases typically include facts about how the defendant had continued its conduct despite receiving notices to end its infringing activity. *See, e.g.*, *Lucerne Textiles, Inc.*, 2013 WL 174226, at \*3 (granting request for $30,000 in statutory damages in copyright case where defendant defaulted and plaintiff had sent cease and desist letters prior to lawsuit); *Hounddog Prods., L.L.C. v. Empire Film Gr., Inc.*, 826 F. Supp. 2d 619, 631–32 (S.D.N.Y. 2011) (granting plaintiff's request for $150,000 in statutory damages in copyright case where defendant received notice it no longer had authorization to use copyright prior to lawsuit).

Here, O'Neill has included such facts. After learning that Flawless Kitty had utilized his Flower Photograph for a period of four years without obtaining permission or paying licensing fees, O'Neill sent a cease and desist notice demanding that Flawless Kitty cease its copyright infringement and remit appropriate costs to O'Neill for the use of the Flower Photograph. Murray Decl. ¶ 12. Flawless Kitty responded that it "had no interest in resolving this matter." *Id.* ¶ 13. Factor six therefore weighs in favor of greater damages as well.

O'Neill has provided adequate documentation that he typically charges between $1,140 and $16,500 for an editorial or commercial license for a single photograph, respectively. *Id.* ¶¶ 7–10 & Exs. B, C. O'Neill determined that Flawless Kitty used his Flower Photograph for four years, and contends that a reasonable license amount for Flawless Kitty's non-exclusive use of his Flower

13

Photograph is $2,500. Pl. Mem. at 15. O'Neill requests $10,000 in statutory damages, or four times the amount Flawless Kitty would have paid had it sought a license to the Flower Photograph. Murray Decl. ¶ 21.

The calculation of statutory damages sought by O'Neill is in line with the general approach taken by other courts. *See, e.g., Reilly v. Commerce*, No. 15-CV-5118 (PAE) (BCM), 2016 WL 6837895, at *9 (S.D.N.Y. Oct. 31, 2016) (finding that the "usual range" for damages is "three to five times the foregone licensing fee"), *adopted by* Opinion and Order dated Nov. 21, 2016, Dkt. No. 21; *Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp.,* 749 F. Supp. 2d 81, 87 (E.D.N.Y. 2010) ("[C]ourts have awarded statutory damages of more than double the amount of unpaid licensing fees, especially in circumstances where the infringement was not innocent."); *Broad. Music, Inc. v. R Bar of Manhattan, Inc.,* 919 F. Supp. 656, 660 (S.D.N.Y. 1996) ("[A] statutory damage award should significantly exceed the amount of unpaid license fees."). When "dealing with the deliberate infringement at issue here," established by Flawless Kitty's default, statutory damages of four times the amount that would have been paid as the licensing fee is reasonable. *Broadcast Music, Inc. v. Prana Hospitality, Inc.*, 158 F. Supp. 3d 184, 199 & n.12 (S.D.N.Y. 2016) (awarding "approximately five times the sum of BMI's unpaid licensing fees" and collecting cases). For these reasons, O'Neill should be awarded statutory damages of $10,000.

### 4. O'Neill Should Be Awarded Attorney's Fees and Costs

Because Flawless Kitty has conceded liability for willful copyright infringement by defaulting, an award of fees is appropriate under the Copyright

Act. *See, e.g.*, *Whitehead*, 2019 WL 384446, at \*5–6 (granting attorney's fees where defendant defaulted in copyright infringement case).

### a. Reasonable Hourly Rates

O'Neill seeks $1,933.75 in attorney's fees for the work of one attorney at the law firm of Higbee & Associates, Taryn R. Murray. *See* Pl. Mem. at 18; Murray Decl. ¶ 22; Murray Decl. Ex. D, Dkt. No. 21. Murray is an attorney admitted to practice in New York and is associated with Higbee & Associates. Murray Decl. ¶ 1. While Murray has failed to provide her year of bar admission, the Court takes judicial notice that records of the New York State Unified Court System reflect that she was admitted to the bar in 2021. *See, e.g., Morales v. Kavulich & Assocs.*, P.C., No. 16-CV-2134 (ALC) (JLC), 2017 WL 2712948, at \*1 (S.D.N.Y. June 15, 2017) (taking judicial notice of attorney admission date provided in records of the New York State Unified Court System).

According to her biography on Higbee & Associates' website, Murray is an associate attorney in the firm's Copyright Division. While Murray does not state her experience litigating cases, she asserts that she charges her clients $325.00 per hour for her services. Murray Decl. ¶ 22. This fee is unreasonable given counsel's level of experience. In *Miller v. Netventure24 LLC*, a similar copyright inquest prosecuted by Higbee & Associates, lead counsel on the case Rayminh L. Ngo had 11 years of practice experience in New York and was awarded $350 per hour. *Miller v. Netventure24 LLC*, No. 19-CV-7172 (LGS) (BCM), 2021 WL 3934262, at \*9 (S.D.N.Y. Aug. 6, 2021), *adopted by* 2021 WL 3931928 (Sept. 2, 2021); *see also Sadowski v. Primera Plana NY, Inc.*, No. 18-CV-10072 (GBD) (OTW), 2019 WL

15

8362165, at *3 (S.D.N.Y. Oct. 16, 2019) (where billing attorney with three years' litigation experience did not indicate whether her experience specifically included copyright cases, the $250 per hour rate was appropriate), *adopted by* 2021 WL 5910407 (Dec. 14, 2021). As Murray is an associate attorney with less than three years of experience, a billing rate of $250 per hour is appropriate.

### b. Reasonable Hours Expended

The number of hours for which O'Neill seeks an award of fees is reasonable. Murray has billed for 5.95 hours of work, which includes meeting with O'Neill and researching and drafting all materials. Murray Decl. Ex. D.

Murray has submitted time records with sufficient details including dates, description of the services rendered, and hours expended, which is a relatively modest total reflective of a simple and straightforward action. *Id.* The documentation submitted by Murray reflects contemporaneous record-keeping with the requisite details about the work done. *See, e.g., Euro Pac. Cap., Inc.*, 2018 WL 1229842, at *10. There are no entries that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Thus, adjusting for the lower hourly rate recommended for Murray of $250, I recommend that an award of attorney's fees in the amount of $1,487.50 be granted.

O'Neill also seeks costs related to filing and service in the amount of $537.00. Murray Decl. ¶¶ 22–23. The costs consist of the filing fee of $402.00 plus $135.00 in service costs. Murray Decl. Ex. D. As these costs are documented, I recommend an award of $537.00.

### 5. O'Neill's Request for Injunctive Relief Should Be Granted

O'Neill has established his likelihood of success on the merits of his case due to Flawless Kitty's default. *See, e.g.*, *Gogo Apparel, Inc. v. Daruk Imports, Inc.*, No. 19-CV-5701 (LGS) (SDA), 2020 WL 4274793, at *8 (S.D.N.Y. June 11, 2020), *adopted by* 2020 WL 4271694 (July 23, 2020). O'Neill also meets all four requirements for injunctive relief under the Copyright Act. First, he has established irreparable harm through his allegations in the complaint, taken as true due to Flawless Kitty's failure to appear, that Flawless Kitty violated his copyright. *See* Compl. ¶ 24; *see also, e.g.*, *Stokes v. MilkChocolateNYC LLC,* No. 22-CV-6786 (PAE) (RWL), 2023 WL 4447073, at *9 (S.D.N.Y. July 11, 2023) (finding defendant's failure to appear in photograph copyright case demonstrated threat of continuing violations and therefore irreparable injury).

Second, purely monetary relief would not compensate for O'Neill's injury. When a default judgment is entered, "[a] court may infer from a defendant's default that it is willing to or may continue its infringement." *Pearson Educ., Inc. v. Vegara,* No. 09-CV-6832 (JGK) (KNF), 2010 WL 3744033, at *4 (S.D.N.Y. Sept. 27, 2010) (internal citations omitted), *adopted by* Order dated May 11, 2011, Dkt. No. 21.

Third, the balance of hardships favors O'Neill. O'Neill is a commercial photographer who relies on licensing his photographs for his livelihood, while Flawless Kitty will not suffer any legally cognizable hardship from an injunction barring it from using a copyrighted photograph without permission. Fourth, and lastly, the public interest is served by a permanent injunction, "as the public has a

17

compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." *Stokes*, 2023 WL 4447073, at *10 (quoting *Sadowski v. Yeshiva World News, LLC*, No. 21-CV-7207 (AMD) (MMH), 2023 WL 2707096, at *5 (E.D.N.Y. March 16, 2023)).

### III. CONCLUSION

For the reasons stated herein, O'Neill's motion for default judgment should be granted, he should be awarded $10,000 in damages and $2,024.50 in attorney's fees and costs, and Flawless Kitty and its agents should be enjoined from further use of the Flower Photograph on its Instagram or on any other website (unless it receives a license or other express consent from O'Neill).

O'Neill is directed to serve a copy of this Report and Recommendation on Flawless Kitty within two business days from the date of this Report and Recommendation (electronically or otherwise) and shall file proof of such service within three business days from the date of this Report and Recommendation.

### **Procedure for Filing Objections to this Report and Recommendation**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file any written objections. *See* Fed. R. Civ. P. 6. A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan and to the chambers of the undersigned, United States Courthouse, 500 Pearl

18

Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Kaplan.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated:  New York, New York

      April 10, 2024

_____
JAMES L. COTT
United States Magistrate Judge